IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Glenda Bailey, | ) |
| | ) |
| | ) Civil Action No. 6:15-1597-JMC-KFM |
| Plaintiff, | ) |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| Faurecia; | ) |
| Brent Williams, and | ) |
| Ken Merner, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is an employment discrimination action filed by a *pro se* litigant. Under Local Civ. Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

The plaintiff is a resident of Mountville, South Carolina. In the complaint, the plaintiff alleges: (1) on March 11, 2015, the plaintiff and some of her co-workers were working (doc. 1 at 3); (2) the "uap manager Ken Merner" came in the room and "told the gaphate [*sic*] to not talk [*sic*] the animals" (*id*.); (3) "I was sweeping the floor at work [when] a machine broke down and uap assist manager Brent Williams told me to move my big butt out of the way because it was blocking the light on the machine from running" (*id*.); and (4) "I went to HR, and told them, but now they are harassing me." (*id*.). In her prayer for relief, the plaintiff writes:

> The way I was treated none should go through this as well.
> This should stop. Help me to get something done about them.

(*id*. at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C.

§ 1915. The plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

There is no indication in the complaint that the plaintiff has filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") or with the South Carolina Human Affairs Commission ("SHAC"). The United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 136–37 (4th Cir. 1995).

The employment discrimination provisions of the Civil Rights Act of 1964 (Title VII) (as amended) are codified at 42 U.S.C. §§ 2000e to 2000e-16. Title VII creates a federal cause of action for employment discrimination. *See Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). A federal district court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis*, 48 F.3d at 136–37. These procedures "include an investigation of the complaint and a determination by the [EEOC] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. The plaintiff's claim with the EEOC "defines the scope of [his or her] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.*

2

When the State in which the alleged discrimination occurred has enacted a law "'prohibiting the unlawful employment practice alleged' and has 'establish[ed] or authorize[d] a State or local authority to grant or seek relief from such practice,'" proceedings must first be commenced under such state or local law before a charge may be filed with the EEOC. *Davis*, 48 F.3d at 137 (quoting 42 U.S.C. § 2000e-5(c)).

South Carolina has anti-discrimination laws similar to those of Title VII and a "deferral agency" with essentially the same powers as the EEOC— the SHAC. Accordingly, a claimant must first file his or her claim with such agency within one hundred eighty (180) days from the last act of discrimination. *See id.* at 138 (under § 2000e-5(c), "commencement of proceedings under state law is a prerequisite to EEOC action where a state remedial scheme exists."). The purpose of this deferral procedure is to give the state agency a chance to resolve the claim and thereby possibly obviate the need for the involvement of the federal agency or courts. *See Smith v. Charleston Cnty. School Dist.*, Civil Action No. 2:06-2177-DCN-RSC, 2006 WL 4536869, at *4 (D.S.C. Sept. 5, 2006). Accordingly, as there is no indication in the complaint that the plaintiff has filed an administrative charge with the EEOC or with the SHAC, the complaint should be dismissed against the plaintiff's employer, Faurecia.

Brent Williams and Ken Merner are subject to summary dismissal in this Title VII action because they are not the plaintiff's employer. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–84 (4th Cir. 1998) (holding that supervisors are not liable in their individual capacities for Title VII violations).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, I recommend that the District Court dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that the District Court deny the plaintiff's motion for leave to proceed *in forma*

*pauperis* (doc. 3) because the above-captioned case is subject to summary dismissal. The plaintiff's attention is directed to the notice on the next page.

   IT IS SO RECOMMENDED.

                  s/ Kevin F. McDonald
                  United States Magistrate Judge

April 15, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is, hereby, advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).